# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUIS HICKS,<br><br>       Plaintiff,<br><br>    v.<br><br>MATEVOUSIAN, et al.,<br><br>       Defendants. | Case No. 1:16-cv-01440-JLT (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER FILE A FIRST AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIM UNDER THE EIGHTH AMENDMENT AGAINST LT. PUTNAM**<br><br>**(Doc. 1)**<br><br>**30-DAY DEADLINE** |

In this action, Plaintiff asserts three claims: (1) for failure to be provided medical care and treatment for a scalp condition; (2) for an instance where he was attached by guards; and (3) for instances where his safety has been jeopardized by an officer who called him a snitch to other inmates and allowed other inmates to see documents from Plaintiff's C-file that show he cooperated criminal proceedings. This action violates Rule 18 and 20 of the Federal Rules of Civil Procedure because Plaintiff's claims appear to be completely unrelated, though of the claims raised, only one is cognizable as stated. Plaintiff may either file a first amended complaint correcting the deficiencies or advise the Court that he is willing to proceed only on the claim found cognizable herein.

### A.    <u>Screening Requirement</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

### B. <u>Summary of Plaintiff's Complaint</u>

Plaintiff is a federal prisoner and, though currently housed at the Federal Correctional Institution in Terre Haute, IN, states allegations based on circumstances that occurred when he was housed at the United States Prison in Atwater, CA. Plaintiff names Warden Andre Mantevousian, Designation and Sentence Computation Center Chief Jose Santana, SHU Lieutenant S. Putnam, and Does 1-14 as defendants and seeks monetary damages.

In his first claim, Plaintiff contends that his rights under the Eighth Amendment were violated when, despite complaining separately every day to John Does 1-10 that he had a painful condition on his scalp which itched profusely and caused bald spots, he was told that the BOP does not treat skin conditions and was refused any treatment. (Doc. 1, p. 3.) Plaintiff states he complained to Warden Mantevousian, to no avail. (*Id.*)

In his second claim, Plaintiff alleges that in December of 2015, while his hands were restrained behind his back, he was attacked by John Does 11-14 who slammed him to the ground where they punched and kicked him. (*Id.*, p. 4.) Just before he was interviewed and his injuries videotaped, one of the John Does whispered in his ear "say you're not injured or we will kill you next time." (*Id.*) Plaintiff indicates that he sustained injuries to his knees, shoulder, spine, and neck along with mental and emotional trauma. (*Id.*)

In his third claim, Plaintiff alleges that Lt. Putnam violated his rights under the Eighth Amendment and the Privacy Act when Lt. Putnam called him a snitch in front of other inmates and provided the other inmates copies of documents from Plaintiff's C-File which showed

Plaintiff cooperated with law enforcement in his criminal proceedings. (*Id.*, p. 5.)

Though Plaintiff has stated some cognizable claims, they are unrelated and may not proceed in the same action without violating Rules 18 and 20. Thus, the Court provides Plaintiff the pleading requirements and legal standards and leave to file a first amended complaint that does not contain unrelated claims.

### C. **Pleading Requirements**

#### 1. **Federal Rule of Civil Procedure 8(a)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and

"facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a first amended complaint, it should be concise. He should merely state which of his constitutional rights he feels were violated by each Defendant and what the Defendants did to cause the violations.

### 2. Linkage Requirement

Plaintiff is a federal prisoner and brings this suit pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which, under limited circumstances, provides a remedy for violation of civil rights by federal actors. *Minneci v. Pollard*, 565 U.S. 118, 122-123 (2012). Plaintiff may sue individual prison employees for damages under *Bivens*, but he must link each named defendant to a violation of his constitutional rights; there is no *respondeat superior* liability under *Bivens*. *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012); *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010).

Plaintiff must clearly state which Defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his complaint must put each Defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004). Notably, Plaintiff fails to link Jose Santan to any of his factual allegations.

### 3. Rules 18 and 20

Federal Rule of Civil Procedure 18(a) allows a party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim to join, either as independent or as alternate claims, as many claims as the party has against an opposing party. However, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co.*

4

*of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the extraneous claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

The three claims that Plaintiff raises in this action share neither a commonality of defendant(s), nor commonality of events, or questions of law or fact. Each of his claims appears unrelated to the others, such that they cannot proceed in the same action without violating Rules 18 and 20. Claims that do not comply with Rules 18(a) and 20(a)(2) are subject to dismissal.

Thus, Plaintiff is given the opportunity to file a first amended complaint that either shows a relationship between claims, or one of the three claims he asserts[1]. He may file a separate action(s) to bring claims that are not related to whichever claim he decides to proceed on in this action.[2] Plaintiff is cautioned that if he fails to make the requisite election regarding which category of claims to pursue and his amended complaint sets forth improperly joined claims, the Court will determine which claims proceed and which will be dismissed. *Visendi v. Bank of America, N.A.*, 733 F3d 863, 870-71 (9th Cir. 2013). Whether any claims will be subject to severance by future order will depend on which claims are pled in the amended complaint and which of those pled are viable.

**4.  Doe Defendants**

Plaintiff names John Does 1-10 and 11-14 as defendants in this action. The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." *McMillan v. Department of Interior*, 907 F.Supp. 322, 328 D.Nev. 1995), *aff'd*, 87 F.3d 1320 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997). *See also Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed

---

[1] Alternatively, the plaintiff may alert the Court that he wishes to proceed in three separate actions. In this event, the Court will assign two additional case numbers but the plaintiff will be responsible for two additional filing fees.

[2] Any claims brought in separate action(s) will be subject to screening under 28 U.S.C. § 1915A(a).

for other reasons. *Id.* "While Doe pleading is disfavored, it is not prohibited in federal practice." *Lopes v. Vieira*, 543 F.Supp.2d 1149, 1152 (E.D.Ca. 2008).

As discussed below, Plaintiff's allegations are insufficient to state a cognizable claim against any of the "John Doe" defendants for violation of Plaintiff's constitutional rights. *Compare* the allegations of Plaintiff's complaint *with Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 390 n. 2 (1971) (in which "the District Court ordered that the complaint be served upon 'those federal agents who it is indicated by the records of the United States Attorney participated in the November 25, 1965, arrest of the petitioner'"), and *Wakefield v. Thompson*, 177 F.3d 1160, 1162 n. 4 (9th Cir. 1999) (although the plaintiff did not know the name of the officer who refused to provide the plaintiff's prescription when releasing plaintiff on parole, the plaintiff informed the Court that the name could be secured "by inspecting the 'parole papers that the plaintiff signed at the time of his release' and the 'Duty Roster for that day.'"). Although papers and pleadings submitted by *pro se* litigants are subject to a less stringent standard than those of parties represented by attorneys, a *pro se* plaintiff must follow the rules and orders of the Court, including diligently acting to identify any "John Doe" defendants named in his suit. *Grinage v. Leyba*, 2008 WL 199720 at 12 (D. Nev. January 17, 2008).

Where "a plaintiff does not know the identity of a defendant prior to the filing of a complaint, he 'should be given an opportunity through discovery to identify the unknown defendants. . . .'" *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Gillespie v. Civiletti*, 629 E.2d 637, 642 (9th Cir. 1980)). If Plaintiff corrects the deficiencies in his pleading to state a cognizable claim against any of the individuals named as Does, he will be given opportunity to ascertain their identity via discovery, after which he must move to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. *Merritt v. Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989); *see Swartz v. Gold Dust Casino, Inc.*, 91 F.R.D. 543, 547 (D. Nev. 1981).

///

///

///

## D. Claims for Relief

### 1. Deliberate Indifference to Serious Medical Needs

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). It is questionable at best, whether Plaintiff's allegation of a skin condition on his head which is "painful, cause spots of hair loss, and itch profusely" qualifies as serious medical need. This need not be resolved since, as discussed below, the subjective element of his claim is lacking.

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319).

Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett,* 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's allegations that he was refused treatment and told that BOP doesn't treat skin conditions is insufficient to show that John Does 1-10 all felt that Plaintiff's scalp condition presented a substantial risk of serious harm to Plaintiff and intentionally denied him treatment. Further, from the statements that "the BOP doesn't treat skin conditions" might infer that there was no funding for skin conditions. Under those circumstances, the resources available to the official, including financial resources, or the lack thereof may be considered. *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (overruling *Snow v. McDaniel*, 681 F.3d 978 (9th Cir. 2012) and *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986) to the extent they can be read to preclude jurors from considering lack of resources in cases involving claims for money damages against prison officials who lack authority over budgeting decisions).

Further, though Plaintiff does not indicate the manner in which he "complained" to Warden Mantevousian that he was not receiving treatment for his scalp, at least one Appellate Circuit has held that "[o]nce a [non-medical] prison grievance examiner becomes aware of

potential mistreatment, the Eighth Amendment does not require him or her to do more than 'review [the prisoner's] complaints and verif[y] with the medical officials that [the prisoner] was receiving treatment." *Greeno*, 414 F.3d at 656 citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004) (non-physician defendants cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor" and if "a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.") This Court concurs with the analysis in *Greeno* and *Spruill*. Thus, Warden Mantevousian, as a non-medical prison employee, cannot be held liable for his involvement in processing and/or ruling on inmate appeals for medical issues where the inmate is under the care of a physician for the issues raised. Thus, Claim I does not state a cognizable claim for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

### 2. **Excessive Force**

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); *see also Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir.1988), *cert. denied*, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim"). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F.Supp. 797, 800 (N.D. Iowa 1992) (citation omitted), *aff'd,* 973 F.2d 686 (8th Cir.1992). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer,* 511 U.S. at 834, (*quoting Rhodes*, 452 U.S. at 347).

Plaintiff's allegations in Claim II that in December of 2015, while his hands were restrained behind him, he was slammed to the ground and kicked and punched by John Does 11-14, would be cognizable if those Does were correctional officers. However, Plaintiff does not provide *any* information describing whether those Does were correctional officer, or other

inmates. Further, Plaintiff's allegation that he "has been refused an MRI and pain medication since and is in pain daily which impairs functioning" is not linked to any of the named Defendants and is simply too sparse to discern whether the condition for which he seeks an MRI and pain medication qualifies as a serious medical need. Thus, Claim II is not cognizable.

### 3. Safety

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)).

To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). This involves both objective and subjective components.

First, objectively, the alleged deprivation must be "sufficiently serious" and where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Further, the Supreme Court has stated that a remedy for unsafe conditions need not await a tragic event; rather, where a risk/injury has yet to occur, the plaintiff's burden would be to prove

that his future health/safety is unreasonably endangered, "that it is contrary to current standards of decency for anyone to be so exposed against his will, and that prison officials are deliberately indifferent to his plight." *Helling*, 509 U.S. at 33-35.

The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health . . . ." *Farmer*, at 843 (citing *Helling*, 509 U.S. at 35). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Id.*, at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." *Id.*, at 836-37.

The allegations in Plaintiff's Claim III, that Lt. Putnam called him a snitch in front of other inmates and gave other inmates copies of documents from Plaintiff's C-File which indicated that Plaintiff cooperated with law enforcement in his criminal proceedings states a cognizable claim under the Eighth Amendment against Lt. Putnam.

Plaintiff alleges that, by showing documents from his C-File to other inmates, Lt. Putnam also violated the Privacy Act. The Privacy Act gives agencies detailed instructions for managing their records and provides various sorts of civil relief to persons aggrieved by the Government's failure to comply with the Act's requirements. *Doe v. Chao,* 540 U.S. 614, 618 (2004). Subsection 552a(g)(1)(D), which is described as the Privacy Act's "catchall" provision, *see Cacho v. Chertoff*, No. 06–00292, 2006 WL 3422548, at *4 (D.D.C. Nov. 28, 2006), provides a civil cause of action whenever a government agency "fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual." U.S.C. § 552a(g)(1)(D). Thus, to state a claim for relief under the subsection, which works in conjunction with § 552a(g)(4), a plaintiff must establish that (1) the agency violated another provision of the Privacy Act, (2) the violation was intentional or willful, and (3) the violation had an adverse effect on the plaintiff. *See Paige v. DEA*, 665 F.3d 1355, 1358–59 (D.C.Cir.2012) (citing 5 U.S.C. §§ 552a(g)(1)(D) & 552a(g)(4)).

11

Subsection 552a(b) of the Privacy Act generally prohibits government agencies from disclosing confidential files without the consent of the individual. *See Bigelow v. DOD*, 217 F.3d 875, 876 (D.C.Cir.2000). An agency, however, may legally disclose protected information without consent if one of twelve statutory exemptions applies. *See* 5 U.S.C. § 552a(b)(1-12) (listing the twelve exemptions). Under the scenario Plaintiff presents, none of the twelve exemptions appear to apply.

However, the law is clear that only federal agencies, not individuals, are the proper defendants for a Privacy Act cause of action. *See* 5 U.S.C. § 552a(g)(1) (stating that an "individual may bring a civil action against the agency"). "The private right of civil action created by the Privacy Act . . . 'is specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the statute do not apply against private individuals, state agencies, private entities, or state and local officials.'" *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999) (quoting *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir.1985) (citations omitted) (emphasis added)); (citing *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir.1981) (holding that the Privacy Act provides no private right of action against "state agencies or bodies")); *see also Earle v. Holder*, 815 F.Supp.2d 176, 180 (D.D.C.2011) ( "[T]he Privacy Act does not authorize claims against individuals."); *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C.Cir.2006) ("[T]he district court properly dismissed the named individual defendants because no cause of action exists that would entitle appellant to relief from them under the Privacy Act or FOIA." (citations omitted)). Thus, Plaintiff cannot bring a claim under the Privacy Act against Lt. Putnam.

## II. **CONCLUSION**

Plaintiff is given the choice to either file a first amended complaint, or to proceed on the claim found cognizable in this order for deliberate indifference to his safety in violation of the Eighth Amendment against Defendant Lt. S. Putnam.[3] Plaintiff must either notify the Court of his decision to proceed on this cognizable claim, file a first amended complaint **within 30 days** of the service of this order linking all of the claims to comply with Rule 18 or notify the Court he

---

[3] See note 2.

wishes to proceed on all three claims as separate actions. If Plaintiff no longer desires to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **30 days** from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted). It must also not include unrelated claims and defendants. Fed.R.Civ.P. 18, 20.

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, the Court **ORDERS**:

    1. Plaintiff's Complaint is **DISMISSED with leave to amend**;

13

2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and
3. **Within 30 days** from the date of service of this order, Plaintiff must file:
    a. a first amended complaint curing the deficiencies identified by the Court in this order; or
    b. a notice indicting that he desires to dismiss all other claims and defendants and proceed solely on his claim under the Eighth Amendment against Lt. Putnam for jeopardizing Plaintiff's safety; or
    c. a notice of voluntary dismissal.

**If Plaintiff fails to comply with this order, an order will issue for this action to proceed only on Claim III for violation of the Eighth Amendment against Lt. Putnam.**

IT IS SO ORDERED.

Dated: __**May 8, 2017**__             _____**/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE