# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUIS HICKS,<br><br>          Plaintiff,<br><br>    v.<br><br>MANTEVOUSIAN, et al.,<br><br>          Defendants. | **Case No. 1:16-cv-01440-JLT (PC)**<br><br>**ORDER DISMISSING ACTION FOR PLAINTIFF'S FAILURE TO OBEY THE COURT'S ORDERS AND TO PROSECUTE THIS ACTION**<br><br>**(Docs. 8, 9, 10)** |

      On May 8, 2017, the Court issued an order finding certain of Plaintiff's claims cognizable and others not cognizable. (Doc. 8.) Plaintiff was ordered to file an amended complaint curing the defects noted, or to notify the Court of his willingness to proceed only on the claims found cognizable. (*Id.*) That order warned Plaintiff that his failure to obey would result in restriction to proceeding only on the claims found cognizable. (*Id.*) Plaintiff did not respond to that order, so on June 20, 2017, an order issued restricting Plaintiff to proceed only on the claims that had been found cognizable and Plaintiff was directed to submit service documents within 21 days. (Doc. 9.) On July 6, 2017, this order was returned by the United States Postal Service as undeliverable. More than two months passed without Plaintiff updating his address of record in this action, submitting the requisite documents for service of the complaint, or to otherwise responding to the Court's June 20, 2017 order.

      Thus, on September 18, 2017, an order issued for Plaintiff to show cause within twenty-

1

one days why the action should not be dismissed based on his failure to comply with the Court's June 20, 2017 order, to keep his address in this action updated, and to prosecute the action; alternatively, Plaintiff was allowed to file service documents, or a voluntary dismissal. (Doc. 10.) More than a month has now lapsed without any response from Plaintiff.

As stated in the September 18, 2017 order to show cause, the Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Further, Plaintiff was informed in the First Informational Order that Local Rule 182(f) requires him to keep the Court informed of his correct, current address. (Doc. 3.) That order also informed Plaintiff that he would have 63 days from the date of receipt by the Court of mail returned as undeliverable by the U.S. Postal Service to update his address in this action and that his failure to do so would result in dismissal for failure to prosecute. (*Id.*)

Accordingly, the Court **ORDERS** that this action is **DISMISSED** because of Plaintiff's failure to obey the Court's June 20, 2017 order, to keep his address of record in this action updated, and to prosecute this action.

IT IS SO ORDERED.

   Dated: __**October 24, 2017**__            ___/s/ Jennifer L. Thurston___
                                                                          UNITED STATES MAGISTRATE JUDGE

3